# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHSON STAPLES,<br><br>Plaintiff,<br><br>v.<br><br>NEW BRUNSWICK POLICE OFFICER BELLAFONTE/BONAPARTE, et al.,<br><br>Defendants. | Civil Action No. 17-6778-BRM-LHG<br><br>**MEMORANDUM ORDER** |

  **THIS MATTER** is opened to the Court by *pro se* Plaintiff Rahson Staples ("Plaintiff") upon the filing of a Complaint (ECF No. 1), Plaintiff's application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1), and the Court's *sua sponte* screening of Plaintiff's Complaint. The Court having reviewed Plaintiff's Complaint and IFP application, for the reasons expressed below, **GRANTS** Plaintiff's application to proceed IFP. Further, Plaintiff's claims against the Middlesex County Jail are **DISMISSED WITH PREJUDICE**, Plaintiff's claims against Robert Wood Johnson Hospital and Dr. Pearson are **DISMISSED WITHOUT PREJUDICE**, and Plaintiff's excessive force and deliberate indifference to medical needs claims shall **PROCEED** against the remaining Defendants.

  The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are seeking IFP status. Under the Act, a prisoner seeking IFP status must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must

1

obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.* Having reviewed Plaintiff's application, the Court grants Plaintiff's request to proceed IFP.

Because Plaintiff is a state prisoner seeking redress from state employees and is now proceeding IFP in this matter, his Complaint is subject to screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, the Court is required to dismiss any claims which are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (applying this same standard under § 1915A).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

In his Complaint, Plaintiff asserts claims against various state and hospital officials for denials of his constitutional rights in relation to his treatment during his arrest and during medical and in-jail treatment he received following his imprisonment as a pre-trial detainee pursuant to 42 U.S.C. § 1983. To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed

by a person "acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (noting that § 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 [or *Bivens*] claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)). In this matter, Plaintiff asserts claims for: (1) excessive force against three New Brunswick Police officers involved in his arrest; (2) deliberate indifference to medical needs against one of the arresting officers, a doctor at Robert Wood Johnson hospital who initially treated Plaintiff's injuries, the hospital itself, and various prison staff members; (3) violation of his right to free exercise of his religion under the First Amendment; and (4) violation of his right to be free of religious discrimination under the Fourteenth Amendment raised against the Middlesex County Jail.[1]

---

[1] Plaintiff's religious claims concern the curtailment of his religious practice rights by the jail in the form of the denial of religiously required meals, the denial of religious materials in the form of prayer rugs and the like, and his being exposed to female jail staff without his clothing on one occasion. The Court construes the Complaint as Plaintiff raising these claims pursuant to his First and Fourteenth Amendment rights under § 1983 only. This Court does not construe Plaintiff to be raising claims pursuant to the Religious Land Use and Incarcerated Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. Even if Plaintiff had intended to raise a RLUIPA claim, the claim would have been dismissed, because Plaintiff is no longer in the institution that placed the alleged restrictions on his religious practices (*see* ECF No. 1 at 3-4), and RLUIPA only provides a means through which a prisoner can acquire prospective injunctive relief; monetary damages are not permitted under the statute, *see Sharp v. Johnson*, 669 F.3d 144, 153-55 (3d Cir. 2012). Because Plaintiff is no longer in the Middlesex County Jail, any injunctive claims he may have had against the jail are essentially moot, and therefore, Plaintiff has no actionable RLUIPA claim against the jail at this time.

Initially, the Court notes Plaintiff's religious claims appear to be raised only against the Middlesex County Jail.[2] (*See* ECF No. 1 at 12). A county jail, however, is not a proper defendant in a § 1983 claim and is not subject to suit under the statute. *See, e.g., Harris v. Hudson Cty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). The jail, and Plaintiff's religious claims against it, are therefore dismissed from this action with prejudice.

Plaintiff asserts his remaining claims against various defendants, two of which are not subject to suit in this matter—Robert Wood Johnson Hospital and the hospital's employee, Dr. Pearson. As noted above, § 1983 provides a mechanism through which a private individual may seek recourse against those acting under the color of state law, *i.e.*, state actors. *See Nicini*, 212 F.3d at 806; *see also Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010) ("To prevail on a § 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action."). Robert Wood Johnson Hospital is "a private, non-profit, academic health center," *Nonis v. Middlesex Cnty. Sheriff's Office*, No. 12-4469, 2013 WL 5477144, at *6 (D.N.J. Sept. 30, 2013) (citing cases in which Robert Wood Johnson Hospital was party); *see also Robert Wood Johnson University Hosp. v. Thompson*, 297 F.3d 273, 278 (3d Cir. 2002), and therefore, neither it, nor its employees, may be held liable under § 1983 absent allegations sufficient to show its actions were "fairly attributable to the State,"

---

[2] In his Complaint, Plaintiff alleges certain insults and slurs directed toward him are ancillary to his medical and excessive force claims. To the extent Plaintiff intended these claims to amount to claims of violations of his right to Equal Protection under the Fourteenth Amendment in addition to the denial of medical care or excessive force claims he makes against the various Defendants, the Court notes that any such assertion by Plaintiff would be insufficient to state a claim for relief, because the use of insults or slurs, however reprehensible, is not itself actionable under the Equal Protection clause. *See, e.g., Salley v. Pennsylvania Dep't of Corr.*, 181 F. App'x 258, 266 (3d Cir. 2006). All of the First/Fourteenth Amendment religious discrimination claims Plaintiff raises, which include actions beyond racial slurs, appear to only be raised against Middlesex County Jail itself; therefore, this Court construes Plaintiff to be raising his religious claims only against the Middlesex County Jail.

5

*Turner v. Children's Hosp. of Philadelphia*, 378 F. App'x 124, 126 (3d Cir. 2010) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Because Plaintiff has not pled any facts which would support a finding that Robert Wood Johnson Hospital or Dr. Pearson acted in a manner fairly attributable to the state, he has failed to show they are state actors. Therefore, his claims against them are dismissed without prejudice.

This Court has reviewed Plaintiff's remaining excessive force and denial of medical care claims and finds that the dismissal of those claims as to the remaining Defendants is not warranted at this time and will therefore permit those claims to proceed. Accordingly,

**IT IS** on this 26th day of January 2018,

**ORDERED** that Plaintiff's application to proceed IFP is **GRANTED** and his Complaint shall be **FILED**; and it is further

**ORDERED** that Plaintiff's claims against the Middlesex County Jail are **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Plaintiff's claims against Defendants Pearson and Robert Wood Johnson Hospital are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's excessive force and deliberate indifference to medical needs claims shall **PROCEED** against the remaining Defendants; and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the United States Marshal receives the USM-285 Form(s) from Plaintiff and the United States Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, limited to defendants

Bellafonte/Bonaparte, Way, Gomez, Tuesday, Stewart, and the John/Jane Doe Defendants; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the United States Marshal shall serve summons, the Complaint, and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it finally

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**