NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RAHSON STAPLES, | : | |
| | : | Case No. 3:17-cv-6778 (BRM) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| POLICE OFFICER BELLAFRONTE, et al., | : | |
| | : | |
| Defendants. | : | |

**THIS MATTER** is opened to the Court on Defendants Officer Bellafronte (i/p/a Police Officer Bellafonte/Bonaparte), Officer Way, Officer Gomez and Sgt. Hoover's (collectively, "Defendants") Motion to Dismiss Plaintiff Rahson Staples's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 10.1. (D.E. No. 29, Defendants' Motion ("Mot.")).

**IT APPEARING THAT:**

1. On August 22, 2017, Plaintiff, who was incarcerated at the time, filed a civil rights complaint alleging excessive force and deliberate indifference to medical needs claims against several defendants. (ECF No. 1.) The Court screened his Complaint pursuant to 28 U.S.C. §§ 1915, 1915A and permitted the claims against Defendants Bellafronte, Way, Gomez, Tuesday, Stewart and John/Jane Doe to proceed. (ECF No. 6.)

2. Plaintiff served Defendants Bellafronte, Gomez, Hoover and Way. (ECF No. 10.) He did not serve Defendants Stewart or Tuesday. (ECF No. 11.) Defendants Bellafronte, Gomez, Hoover and Way failed to file an answer, and Plaintiff successfully sought and received a clerk's

entry of default against them. (ECF No. 14.) Defendants thereafter moved to vacate default, which the Court granted. (ECF No. 25.) Defendants filed an Answer on December 12, 2018. (ECF No. 26.)

3. During the pendency of this litigation, Plaintiff has notified the Court of several changes of address. (ECF Nos. 4, 15, 17.) He submitted his most recent notice of address change on June 21, 2018. (ECF No. 17.) On July 25, 2018, Plaintiff requested an extension of time to respond to Defendants' Motion to Vacate Default. (ECF No. 20.) In that submission, Plaintiff also confirmed the address on the docket was correct via the return address on his motion. (ECF No. 20 at 6.) Plaintiff's extension request in July 2018 was his last communication with the Court. Since that time, all documents sent to him at the address of record have been returned to the Court as "undeliverable." (ECF Nos. 22, 24, 27, 28, 30.)

4. On November 15, 2018, the Court entered an Order requiring, among other things, Plaintiff provide the Court with an updated address by December 7, 2018. (ECF No. 25.) Plaintiff did not respond.

5. On June 13, 2019, Defendants filed a Motion to Dismiss. (ECF No. 29.) Defendants are seeking dismissal of the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 10.1. (ECF No. 29.)

6. A defendant may move to dismiss an action or any claim against it "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] rules or a court order." Fed. R. Civ. P. 41(b). The Third Circuit has noted "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 866 (3d Cir. 1984). However, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Phila.*, 47 F.3d 1311, 1330 (3d

Cir. 1995). Failure to prosecute does not require a party to affirmatively delay the case. Failing to comply with court orders, failing to respond to discovery, or otherwise failing to act may constitute lack of prosecution. *Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994).

      7. Local Civil Rule 10.1(a) provides, in relevant part:

> unrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk. Failure to file a notice of change may result in the imposition of sanctions by the Court.

Dismissing a Plaintiff's complaint without prejudice is an appropriate remedy for noncompliance with this rule. *See Archie v. Dept. of Corr.*, Civ. No. 12-2466, 2015 WL 333299, at *1 Jan. 23, 2015) (collecting cases).

      8. Courts generally consider the factors outlined in *Poulis* in determining whether dismissal is warranted. These six factors are: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) availability of alternative sanctions; and, (6) the meritoriousness of the claim. *Poulis*, 747 F.2d at 868. "Not all of these factors need be met for a district court to find dismissal is warranted." *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

      9. It is the responsibility of every unrepresented party, whether incarcerated or not, to keep this Court and the other parties apprised of his current mailing address. L.Civ.R. 10.1(a). Since his request for an extension of time to respond, in July 2018, Plaintiff has not updated his address or communicated with the Court in any way. Plaintiff alone bears this responsibility. *See Briscoe v. Klaus*, 538 F.3d 252, 258–59 (3d Cir. 2008) ("It is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her

attorney."). The first factor therefore weighs in favor of dismissal.

10. "[P]rejudice is not limited to 'irremediable' or 'irreparable' harm. It also includes 'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'" *Id.* at 259 (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). Here, though Plaintiff initiated this case in 2017, because of Plaintiff's failure to update his address and communicate with Defendants, the case is still at its inception. There has been no initial conference; no schedule set; and discovery has not yet begun. Certainly, this two and a half year delay is prejudicial to Defendants. *Id.* Moreover, Defendants have had to incur additional costs such as the filing of the instant Motion. *Huertas v. City of Philadelphia*, No. 02–7955, 2005 WL 226149, at *3 (E.D. Pa. January 26, 2005) (a court must consider whether the party's conduct has resulted in "extra costs, repeated delays, and the need to file additional motions.") Therefore, the second factor also weighs in favor of dismissal.

11. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. Although Plaintiff's dilatoriness did not begin until July 2018, it has been ongoing for the past eighteen months and counting with no response to any correspondence or requests from Defendants or this Court. The continued failure to participate in these proceedings has resulted in the missing of court-ordered deadlines. Accordingly, the third factor weighs in favor of dismissal.

12. In spite of Plaintiff's continuing failure to communicate with Defendants and this Court, there are insufficient facts to warrant an inference of bad faith or willfulness. "Willfulness involves intentional or self-serving behavior." *Id.* at 875. Conduct that is "merely negligent or inadvertent" is not "contumacious," *Briscoe*, 538 F.3d at 262, and the "absence of a good faith

4

effort to prosecute ... does not necessarily amount to willfulness or bad faith as [the Third Circuit] has defined it." *Adams*, 29 F.3d at 876. Even "inexcusabl[y] negligent behavior" does not meet the *Poulis* standard of willfulness. *Id.* Defendants have not submitted anything to this Court to warrant an inference Plaintiff was acting in bad faith either when he initially failed to update his address or when he continued to do so. Moreover, in his last correspondence with the Court, Plaintiff alludes to serious health issues which are affecting his ability to participate. (ECF No. 20.) As the record is insufficient to support an inference of bad faith, the fourth factor does not weigh in favor of dismissal.

13. The fifth *Poulis* factor requires the Court to consider the effectiveness of sanctions short of dismissal. Plaintiff is proceeding *pro se* and *in forma pauperis*, therefore monetary sanctions would not be an effective alternative. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002). Everything sent to Plaintiff since July 2018 has been returned as undeliverable, and there is no new address available to the Court at which Plaintiff could be contacted. It therefore does not appear further orders imposing less severe sanctions would reach Plaintiff and garner a response. *See Archie*, 2015 WL 333299, at *3 (citations omitted). The Court finds no sanction short of dismissal would be effective.

14. Finally, "[g]enerally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263. The Court determined in its § 1915 screening that several of Plaintiff's claims sufficiently stated a claim for relief when viewing the facts in the light most favorable to Plaintiff. "A fortiori, these claims surpassed the Rule 12(b)(6) motion to dismiss standard, and under the *Poulis* analysis, his claims are deemed to have merit." *Id.* The sixth factor does not weigh in favor of dismissal.

15. On balance, the *Poulis* factors weigh in favor of dismissal. The Court finds particularly

effort to prosecute ... does not necessarily amount to willfulness or bad faith as [the Third Circuit] has defined it." *Adams*, 29 F.3d at 876. Even "inexcusabl[y] negligent behavior" does not meet the *Poulis* standard of willfulness. *Id.* Defendants have not submitted anything to this Court to warrant an inference Plaintiff was acting in bad faith either when he initially failed to update his address or when he continued to do so. Moreover, in his last correspondence with the Court, Plaintiff alludes to serious health issues which are affecting his ability to participate. (ECF No. 20.) As the record is insufficient to support an inference of bad faith, the fourth factor does not weigh in favor of dismissal.

13. The fifth *Poulis* factor requires the Court to consider the effectiveness of sanctions short of dismissal. Plaintiff is proceeding *pro se* and *in forma pauperis*, therefore monetary sanctions would not be an effective alternative. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002). Everything sent to Plaintiff since July 2018 has been returned as undeliverable, and there is no new address available to the Court at which Plaintiff could be contacted. It therefore does not appear further orders imposing less severe sanctions would reach Plaintiff and garner a response. *See Archie*, 2015 WL 333299, at *3 (citations omitted). The Court finds no sanction short of dismissal would be effective.

14. Finally, "[g]enerally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263. The Court determined in its § 1915 screening that several of Plaintiff's claims sufficiently stated a claim for relief when viewing the facts in the light most favorable to Plaintiff. "A fortiori, these claims surpassed the Rule 12(b)(6) motion to dismiss standard, and under the *Poulis* analysis, his claims are deemed to have merit." *Id.* The sixth factor does not weigh in favor of dismissal.

15. On balance, the *Poulis* factors weigh in favor of dismissal. The Court finds particularly

meaningful the prejudice Defendants have incurred by the obstruction of their ability to prepare their defense, and the Court has not had a current address for Plaintiff for eighteen months, in violation of L.Civ.R. 10.1 and this Court's November 15, 2018 Order. Given Plaintiff's failure to participate in these proceedings, and the inability of the Court to ascertain his current whereabouts, there does not appear to be any way to continue this litigation.

16. Based on the foregoing, the Court will dismiss the Complaint.[1]  An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[1] Given Plaintiff's pro se status and medical issues, the Court dismisses this action without prejudice as set forth in the accompanying Order. *See Stewart v. Taylor*, No. 11-5983, D.E. No. 4 (D.N.J. Dec. 12, 2011) (dismissing pro se prisoner's petition without prejudice where the petitioner failed to comply with Local Civil Rule 10.1(a) and having considered the *Poulis* factors); *Harold v. McCray*, No. 16-5453, 2017 WL 2882229 (D.N.J. July 6, 2017) (same).